UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER MONGE
    Plaintiff,
v.

ANTHONY COLLINS and
5704 MOSHOLU AVENUE
RESTAURANT, CORP.,
    Defendants.
_____/

## COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint against, Defendants, ANTHONY COLLINS and 5704 MOSHOLU AVENUE RESTAURANT, CORP. (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. Plaintiff currently resides in the Bronx, New York.

3. Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, and is a qualified individual with disabilities under the ADA.

4. Plaintiff visited the property to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied

and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5. Defendant, ANTHONY COLLINS, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 5704 Mosholu Ave., Bronx, NY 10471 where the restaurant known as BECCOFINO is located (the "Facility").

6. Defendant, 5704 MOSHOLU AVENUE RESTAURANT, CORP., transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 5704 Mosholu Ave., Bronx, NY 10471 and the owner and/or operator of a restaurant known as BECCOFINO (the "Facility").

7. The Facility is a place of public accommodation under the ADA.

8. Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9. The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10. The removal of the alleged barriers can be accomplished without much difficulty or expense.

11. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

**12.** Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

**13.** Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

**14.** Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

**15.** Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound Plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

    **I.**    **Non-Compliant Entrance**:

- There is a non-compliant slope of uneven ground surface at the exterior side of the entrance door in violation of ADAAG 206, 206.1, 403, 403.1 and 403.2.

- There is a non-compliant change in floor level within the maneuvering space at the exterior side of the first of two doors at the entrance in violation of ADAAG 404.2.4.

- There is a non-compliant change in floor level within the maneuvering space at the exterior side of the second of two doors at the entrance in violation of ADAAG 404.2.4.

- The required minimum space in the vestibule between the two entrance doors is not provided in violation of ADAAG 404.2.4.

- The required minimum space at the interior side of the second of the two entrance doors is not provided in violation of ADAAG 404.2.4.

**II.  Inaccessible Bar:**

- The Height of the Bar exceeds the maximum height allowed of 34 inches in violation of ADAAG 902.3

- The minimum required toe clearance of 17 inches is not provided in violation of ADAAG 306.2.3.

- The minimum required knee clearance of 11 inches at 9 inches above the floor or 8 inches at 27 inches above the floor is not provided in violation of ADAAG 306.2.3.

- There is no accessible portion of the Bar provided.

**III.  Inaccessible Dining Tables**

- The Dining tables located in the dining room area are inaccessible due to inadequate width, toe clearance and knee clearance in violation of ADAAG 902.2, 306.2 and 306.3

- The minimum number of accessible tables (5%) is not provided in violation of ADAAG 226.1.

**IV.  Inaccessible Restroom**

There is no accessible restroom provided.

- Signage is non-compliant with respect to height and location in violation of ADAAG 703.4.1 and 703.4.2.

- The required minimum maneuvering space is not provided at the restroom door in violation of 404.2.4.

- The restroom door swings into the clear floor space of the restroom fixtures in violation of ADAAG 602.3.3.

- The doorknob on the door of the restroom requires twisting of the wrist in violation of ADAAG 404.2.7 and 309.4.

- The door lock on the restroom door requires twisting of the wrist in violation of 404.2.7 and 309.4.

- The sink is inaccessible as it does not provide the minimum clear floor space, in violation of ADAAG 606.2 and 305.3.

- There is no insulation of pipes and water lines under the sink in violation of ADAAG 606.5.

- The soap dispenser exceeds the maximum height allowance in violation of ADAAG 606 and 308.

- The toilet is inaccessible in that it does not provide the minimum clearance around the toilet in violation of ADAAG 604.3.1.

- The side grab bar is not long enough in violation of ADAAG 604.5.

- The rear grab bar is not long enough in violation of ADAAG 604.5.

16. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all of the ADA violations.

17. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20. 20.. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

September 13, 2021                                    Respectfully submitted,

                                         *s/ Jennifer E. Tucek, Esq.*
                                         Law Office of Jennifer Tucek, PC
                                            *Attorney for Plaintiff*
                                         Bar No. JT2817
                                         315 Madison Avenue, #3054
                                         New York, N.Y. 10017
                                         (917) 669-6991
                                         TucekLaw@Gmail.com